UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA NAN BERK,<br><br>Plaintiff,<br><br>v.<br><br>THE NEW JERSEY DEPARTMENT OF HUMAN SERVICES et al.,<br><br>Defendants. | Civil Action No. 23-1853 (RK) (DEA)<br><br>**MEMORANDUM OPINION** |

**THIS MATTER** comes before the Court upon Plaintiff Jessica Nan Berk's ("Plaintiff") application to proceed *in forma pauperis*, together with Plaintiff's Complaint against Defendants The New Jersey Department of Human Services and Sarah Adelman (collectively, "Defendants"). (ECF Nos. 1, 1-1). For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; however, Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff will have thirty (30) days to file an amended complaint.

I.  **BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). On April 2, 2023, Jessica Nan Berk filed suit against Defendants relating to the termination of Supplemental Nutrition Assistance Program ("SNAP") benefits and alleged discrimination. (ECF No. 1.)

Plaintiff alleges that she and Robert Driscoll ("Driscoll") are both disabled. (*Id.* ¶ 1.) She and Driscoll applied for and received federal SNAP benefits during the Covid-19 Pandemic. (*Id.* ¶ 4.) In 2022, Driscoll received approximately $800 per month in social security benefits and "less than $200 in SNAP benefits." (*Id.* ¶¶ 5–7.) She and Driscoll were visited by an employee of

Defendant, who allegedly stated that their SNAP benefits could be increased. (*Id.* ¶ 6.) Driscoll "applied for a fair hearing," but was unable to attend the meeting due to his disability and Covid-19 symptoms. (*Id.* ¶¶ 1, 8.) After Driscoll missed this hearing, Defendants "retaliate[ed]" against both Plaintiff and Driscoll by terminating their SNAP benefits. (*Id.*) Plaintiff alleges that Defendants failed to provide "any reasonable accommodations for their cognitive disabilities and retaliated" against them following their request for and absence from the "fair hearing." (*Id.* ¶¶ 13, 17.) Plaintiff's Complaint alleges violations under the American with Disabilities Act ("ADA") and for "retaliation," and intentional infliction of emotional distress. (*Id.* ¶ 18.) Plaintiff seeks damages of $40,000 and the return of her and Driscoll's SNAP benefits. (*Id.* ¶ 20.)

## II.     LEGAL STANDARD

### A.     *In Forma Pauperis*

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*, which allows the plaintiff to bring a civil suit without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)); *West v. Cap. Police*, No. 23-1006, 2023 WL 4087093, at *2 (D.N.J. June 20, 2023) ("Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.").

Section 1915(a) requires a Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting § 1915(a)). In screening a complaint under § 1915(e), the Court may dismiss the complaint *sua sponte* "if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief." *Id.* at *1. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

B.     **Failure to Adhere to Rule 8's Pleading Requirements**

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. Fed. R. Civ. P. 8. The Rule requires a Complaint to have: "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction;" "a short and plain statement of the claim showing that the pleader is entitled to relief;" and "a demand for the relief sought;" and "allegations [that are] simple, concise, and direct." Fed. R. Civ. P. 8(a),(d). These requirements apply to *pro se* litigants and should provide a defendant with notice of a claim against them. *Archie*, 2023 WL 5207833, at *2 (citations omitted).

Procedural rules should be applied "flexibl[y]" to *pro se* plaintiffs. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). This accommodation is "driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Higgs v. Attorney Gen. of the U.S.*, 655

3

F.3d 333, 339 (3d Cir. 2011) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)).

However, a plaintiff's *pro se* status does not permit her to ignore the requirements of the federal rules or the purposes they serve. "[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Even a *pro se* plaintiff must "allege sufficient facts in [the] complaint[ ] to support a claim." *Mala*, 704 F.3d at 245 (citation omitted). Defendants haled into court by a *pro se* plaintiff still need "fair notice" of the claims they will be expected to answer. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

#### A. *In Forma Pauperis* Application

The Court grants Plaintiff's application to proceed *in forma pauperis*. In her application, Plaintiff states that she has monthly income of $682.00 from disability payments and owns a home worth $110,000.00. Plaintiff's monthly expenses total $1,619.00, including $1,059.00 for a mortgage or rent payment, $400.00 in food expenses, and $40.00 in medical and dental expenses. Upon review, the Court believes that Plaintiff has pled her circumstances with sufficient particularly to grant Plaintiff's application to proceed *in forma pauperis*.

#### B. Review of Complaint

Following review of Plaintiff's IFP application, the Court next screens the Complaint. Upon review, the Court finds Plaintiff's complaint does not adhere to the pleading standards of Rule 8. First, Plaintiff's Complaint relies upon harm allegedly suffered by Driscoll. Even under any semblance of liberality, the Court is in the impossible position of attempting to determine whether Driscoll, the subject of most of the factual allegations, is a party to the lawsuit. The case

caption contains only her name, and she is the only Plaintiff to sign the Complaint.[1] However, many of the key allegations concern Driscoll and the retaliation he allegedly suffered at the hands of Defendants.

In addition, the Complaint alleges no allegations of impropriety on the part of Defendants to sustain claims for retaliation or discrimination. Plaintiff alleges two separate and distinct facts — that Driscoll missed the hearing — and Plaintiffs' benefits were cancelled by Defendants. The Complaint fails to demonstrate any connection between the two.

Moreover, Plaintiff claims that she and Driscoll are both disabled. (*See e.g.*, ECF No. 1 ¶ 1.) However, Plaintiff provides no details regarding their alleged disabilities. Finally, Plaintiff seeks return of her SNAP benefits, but the Complaint fails to mention the amount of SNAP benefits Plaintiff received. The Complaint only mentions that in 2022, Plaintiff received $600 dollars in social security disability payments, but there are no allegations these benefits were terminated. (*Id.* ¶ 10.)

By failing to make clear whether Plaintiff sues on behalf of herself or both her and Driscoll and her conclusory statements regarding her and Driscoll's disabilities, Plaintiff fails to provide "defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Smith v. Borow*, No. 19-8553, 2022 WL 1519222, at *3 (D.N.J. May 13, 2022) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

---

[1] The Court also notes that the Complaint does not elaborate on the relationship between Plaintiff and Driscoll. The IFP application contains no information for "Spouse." If Plaintiff and Driscoll are co-Plaintiffs, but not spouses, Driscoll would need to submit his own IFP application. *See Gary v. Albino*, No. 10-886, 2010 WL 2546037, at *2 (D.N.J. June 21, 2010) (noting that separate plaintiffs were required to each submit an IFP application).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; however, her Complaint is **DISMISSED** without prejudice. Within thirty days, Plaintiff may file an amended complaint. An appropriate Order will accompany this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: September 28, 2023