UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA NAN BERK and ROBERT DRISCOLL, <br><br> Plaintiffs, <br><br> v. <br><br> THE NEW JERSEY DEPARTMENT OF HUMAN SERVICES, <br><br> Defendant. | Civil Action No. 23-1853 (RK) (JBD) <br><br> **MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Defendant New Jersey Department of Human Services' ("DHS," or "Defendant") Motion to Dismiss (ECF No. 15-1) in response to Plaintiffs Jessica Nan Berk and Robert Driscoll's (collectively, "Plaintiffs") First Amended Complaint ("FAC," ECF No. 10). Plaintiffs opposed (ECF No. 18) and Defendant replied (ECF No. 19). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' claims will be dismissed with prejudice.

I. **BACKGROUND**

  A. INITIAL COMPLAINT

The Court received Jessica Nan Berk's ("Berk") original complaint and application to proceed *in forma pauperis* ("IFP") on April 2, 2023. (Compl., ECF No. 1.) The Complaint lists Berk as Plaintiff and both the New Jersey Department of Human Services and Commissioner Sarah

Adelman as Defendants. (*See generally id.*) The Complaint alleges that Berk and Robert Driscoll ("Driscoll") are disabled and received benefits through the Supplemental Nutrition Assistance Program ("SNAP") during the COVID-19 pandemic. (*Id.* ¶ 1.) The Complaint alleges that after Driscoll missed a "fair hearing" about his benefits, both Berk and Driscoll's SNAP benefits were cancelled. (*Id.* ¶¶ 1, 8.) The Complaint states that Driscoll's benefits were cancelled in "retaliation" and that Berk was told that "she needed identification, which she did not have." (*Id.* ¶ 8.) Plaintiff claimed violations of the Americans with Disabilities Act ("ADA"), retaliation, and intentional infliction of emotional distress. (*Id.* ¶ 18.) Plaintiff sought for Defendant to provide her with a doctor, return of her SNAP benefits, and damages of $40,000. (*Id.* ¶ 20.)

On September 29, 2023, the Court granted Berk's IFP application but dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915. (ECF No. 6.) The Court held that the Complaint did not adhere to the pleading standards of Federal Rule of Civil Procedure 8. (*Id.* at 4.) While many of the Complaint's allegations related to Driscoll, the Court could not determine whether Driscoll was a party to the lawsuit. (*Id.* at 4–5.) Furthermore, there were no specific allegations of conduct to support Berk's claims of retaliation and discrimination. (*Id.* at 5.) The Complaint did not allege any connection between Driscoll missing the hearing and the benefits being cancelled. (*Id.*) Finally, there were no details provided regarding either Berk or Driscoll's alleged disabilities. (*Id.*) The Court found that the Complaint therefore did not provide Defendant with fair notice of the claims against it and permitted Berk thirty days to file an amended complaint that addressed the deficiencies identified in the decision. (*Id.*)

After Berk filed a "Motion for Excusable Neglect to File Amended Complaint," (ECF No. 8), the Court granted the Motion and allowed Berk until November 28, 2023 to file an amended complaint, (ECF No. 9.)

B.   **AMENDED COMPLAINT**

On November 27, 2023, the Court received Plaintiffs' FAC. Both Berk and Driscoll are listed as Plaintiffs and have signed the FAC. (FAC at *6.)[1] The New Jersey Department of Human Services is the sole named Defendant. (*See generally id.*) Berk provided copies of documents from the Social Security Office of Disability Adjudication and Review determining that she has been disabled since April 2012 and eligible for Supplemental Security Income.[2] (*See* ECF No. 10-1.) While the FAC claims Driscoll, too, is disabled, no written memorialization was provided, nor specific allegations describing his disability, and thus, the basis and extent of his purported disability, which was unidentified in the FAC, remains unstated, unknown, and unsubstantiated beyond vague allegations of its existence. (*See* FAC at *1 ("The plaintiffs understand each other's disabilities.").)

The FAC describes that Plaintiffs received SNAP benefits during COVID-19. The FAC states that Driscoll received less than $200 in SNAP benefits, which was further reduced in December 2022. (*Id.*) No information was set forth as to how much Berk received in SNAP benefits. The FAC alleges that a DHS employee came to Plaintiffs' home and told them that their SNAP benefits would be increased, that Plaintiffs did not receive the promised increase, and that Driscoll applied for a fair hearing regarding his benefits. (*Id.* at *2.) Plaintiffs again claim that Defendant retaliated against them because Driscoll missed the hearing. (*Id.*) Plaintiffs allege that

---

[1] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.
[2] Moreover, although Driscoll is listed as a Plaintiff in the FAC, he has not submitted an IFP form with the FAC. As noted in the Court's first dismissal of this case, (ECF No. 6 at 5 n.1), if Berk and Driscoll are co-Plaintiffs but not spouses, Driscoll must submit his own IFP application. *See Gary v. Albino*, No. 10-886, 2010 WL 2546037, at *2 (D.N.J. June 21, 2010) (explaining that separate plaintiffs were required to each submit an IFP application to proceed *in forma pauperis* status).
However, as the Court will explain further in Part III.C, because Defendant filed its Motion to Dismiss that treated both Berk and Driscoll as Plaintiffs in this matter, the Court will as well in addressing the merits of the Motion.

Berk's benefits were cancelled after a DHS agent called Berk and "became frustrated by her responses which are due to her disability." (*Id.*)

Plaintiffs claim that, in violation of the ADA, the Defendant failed to provide accommodations for their disabilities and retaliated against them due to their disabilities. (*Id.* at *3.) Plaintiffs allege retaliation for "pursuing a protected activity"—Driscoll requesting a hearing—and that the "retaliation" intentionally caused emotional distress. (*Id.*) Plaintiffs also claim that Defendant violated their due process rights under the Fourteenth Amendment and in violation of ADA Title II. (*Id.* at *3, *5.) Plaintiffs allege that Title II of the ADA is "void for vagueness," that Title II violates the First Amendment of the United States Constitution, and that Defendant violated the First Amendment as well. (*Id.* at *3–5.) Plaintiffs seek a declaratory judgment that DHS violated their First and Fourteenth Amendment rights; a declaratory judgment that DHS "humiliated" them; a permanent injunction prohibiting DHS from denying SNAP benefits to disabled persons without a "specially trained person"; and damages of $40,000 as well as return of their SNAP benefits.[3] (*Id.* at *5.)

Defendant filed the pending Motion to Dismiss the FAC on January 25, 2024. (ECF No. 15.) On February 4, 2024, Berk requested a 14-day extension to respond to Defendant's Motion to Dismiss, (ECF. No. 16), which the Court granted, (ECF No. 17). Thereafter, Plaintiffs filed an opposition brief, (ECF No. 18), and Defendant filed a reply brief, (ECF No. 19).

---

[3] On November 27, 2023, Plaintiffs filed the FAC and the Court issued a Text Order reopening the case, (ECF No. 11), so that the proposed FAC could be screened again pursuant to 28 U.S.C. § 1915. Because the FAC was subject to Section 1915 screening, the Clerk of the Court did not issue the summons and the FAC and summons were not served on Defendant. Therefore, it does not appear that Defendant's obligation to answer or otherwise respond to the FAC (*e.g.* by filing a motion to dismiss) has been triggered. *See* Fed. R. Civ. P. 12(a)(1) ("A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint; or (ii) if [the defendant] has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent . . . .").

## II. LEGAL STANDARD

### A. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)

Under Rule 12(b)(1), a defendant may move to dismiss based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When evaluating a Rule 12(b)(1) motion to dismiss, a court must determine if the party presents a facial or factual attack. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (citation and quotation marks omitted). Because Defendant has filed its Motion to Dismiss prior to answering the FAC, the Court will construe the Rule 12(b)(1) motion as a facial attack. *See Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (defendant's motion was a "facial attack" because it "filed the attack before it filed any answer to the Complaint or otherwise presented competing facts"). On this posture, a court presumes that it lacks subject matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

### B. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Under Federal Rule of Civil Procedure (12)(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the court must accept all well-pleaded factual allegations in the complaint as true and draw all

reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). "A pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). It is well established that a *pro se* complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005).

### C. Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. Fed. R. Civ. P. 8. The Rule requires a Complaint to have: "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction;" "a short and plain statement of the claim showing that the pleader is entitled to relief;" and "a demand for the relief sought;" and "allegations [that are] simple, concise, and direct." Fed. R. Civ. P. 8(a),(d). Under Rule 8, the allegations in a complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated . . . ." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Rule 8's basic pleading requirements apply to *pro se* plaintiffs. *Archie v. Mercer Cnty. Courthouse, Superior*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citations omitted). However, procedural rules should be applied "flexibl[y]" to *pro se* plaintiffs. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). This accommodation is "driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the

court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)).

Nonetheless, a plaintiff's *pro se* status does not permit her to ignore the requirements of the federal rules or the purposes they serve. "[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Even a *pro se* plaintiff must "allege sufficient facts in [the] complaint[ ] to support a claim." *Mala*, 704 F.3d at 245 (citation omitted). Defendants haled into court by a *pro se* plaintiff still need "fair notice" of the claims they will be expected to answer. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

#### A. ELEVENTH AMENDMENT IMMUNITY

Defendant moves to dismiss pursuant to Rule 12(b)(1) on the grounds that Eleventh Amendment immunity deprives the Court of subject matter jurisdiction over Plaintiffs' claims against DHS. (ECF No. 15-1 at 5.) The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State . . . ." U.S. CONST. AMEND. XI. The Eleventh Amendment "has been interpreted to make states generally immune from suit by private parties in federal court," and this sovereign immunity "extends to state agencies and departments." *MCI Telecomm. Corp. v. Bell Atlantic Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). Unless a party waives its sovereign immunity, "a court is without subject

matter jurisdiction over claims against . . . agencies or officials in their official capacities." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012).

Defendant argues that Plaintiffs' claims for money damages are barred by Eleventh Amendment sovereign immunity and seek dismissal pursuant to Rule 12(b)(1) on that basis. (ECF No. 15-1 at 6.) Defendant contends that it is an executive department under New Jersey law and that because Eleventh Amendment immunity extends to state agencies and departments and entities considered arms of the state, they are immune from Plaintiffs' claims for money damages. (*Id.* at 7–8.) Plaintiffs make little attempt to rebut Defendant's legal arguments in their opposition brief. (*See generally* ECF No. 18 at *2–14.) However, Plaintiffs contend that Defendant's assertion of sovereign immunity highlights the issue of food stamp recipients and/or disabled individuals being belittled and unable to access applications for benefits. (*Id.* at *10.)

It is well established that in New Jersey, the Department of Human Services is entitled to immunity from damages, and thus the Court lacks subject matter jurisdiction over those claims. DHS is funded by the State and is a principal department organized within the New Jersey Executive Branch. *See* N.J. Stat. Ann. § 30:1-2; *see also D'Allessandro v. United States,* No. 215009, 2024 WL 1928374, at *5 (D.N.J. Apr. 30, 2024) ("New Jersey state agencies established in the Executive Branch of State Government are entitled to Eleventh Amendment sovereign immunity, regardless of the relief sought, unless an exception applies."). Multiple courts within this District have held that DHS is an arm of the State immune from suit under the Eleventh Amendment. *See Gattuso v. New Jersey Dep't of Hum. Servs.*, 881 F. Supp. 2d 639, 645 n.4 (D.N.J. 2012); *see also Coles v. New Jersey Dep't of Hum. Servs.*, No. 13-3987, 2014 WL 2208142, at *5 (D.N.J. May 28, 2014) (applying the Third Circuit's test to determine when an entity is an arm of the state and finding that DHS is an arm of the state entitled to Eleventh Amendment immunity).

Because Plaintiffs assert claims under Title II of the ADA, the Court must inquire further whether Congress abrogated Defendant's Eleventh Amendment immunity for Plaintiffs' ADA claims. *See Koslow v. Commonwealth of Pennsylvania,* 302 F.3d 161, 168 (3d Cir. 2002) (recognizing that Congress may abrogate a state's Eleventh Amendment immunity through its power to enforce the Fourteenth Amendment); 42 U.S.C. § 12202 (abrogating Eleventh Amendment immunity for ADA claims). The Supreme Court upheld this congressional abrogation "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment." *United States v. Georgia,* 546 U.S. 151, 159 (2006) (emphasis in original). To determine whether immunity applies, the Court considers:

> (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Id.* The Court must first determine if a complaint states a claim under Title II in accordance with the first prong before turning to the constitutionality of the claims and the validity of the abrogation. *Bowers v. Nat'l Collegiate Athletic Ass'n,* 475 F.3d 524, 553 (3d Cir. 2007); *see also Geness v. Admin. Off. of Pa. Cts.,* 974 F.3d 263, 273 (3d Cir. 2020) (explaining that allegations that failed to satisfy the first requirement of *Georgia* did not require the second and third requirements to be discussed).

"To successfully state a claim under Title II of the ADA, a person must demonstrate: (1) he is a qualified individual; (2) with a disability; (3) [who] was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Haberle v. Troxell,* 885 F.3d

170, 178 (3d Cir. 2018) (quotation and citation omitted).[4] Defendant asserts that Plaintiffs failed to plead that they are qualified individuals. (ECF No. 15-1 at 9.) Defendant also argues that, even if Plaintiffs are found to be qualified individuals, there are no allegations—pertaining to either Plaintiff—that support the inference that the reduction and termination of their benefits is by reason of their disabilities. (*Id.* at 8–9.) Plaintiffs respond that they met the standard to state a claim under Title II but do not directly rebut Defendant's contentions with respect to each element. (ECF No. 18 at *13.)

The Court finds that while Berk has adequately pleaded that she is a qualified individual, Driscoll has not. Berk provided official documents from 2013, 2018, and 2021 from the Social Security Office of Disability Adjudication and Review that find Berk to be disabled and eligible for Supplemental Security Income ("SSI") benefits and affirmations that her disability was continuing. (ECF No. 10-1 at *1–10.) Therefore, the Court finds that Berk sufficiently pleaded that she meets the first two prongs of a Title II ADA claim—that she is a qualified individual with a disability. *See Alja-Iz v. Virgin Islands Police Dep't,* No. 2014-45, 2014 WL 12811401, at *3 (D.V.I. Oct. 15, 2014) (finding plaintiff who received SSI sufficiently pleaded that they were an ADA-qualified individual); *see also LoCastro v. Cannery Casino Resorts, LLC,* No. 130168, 2013 WL 1748347, at *3 (W.D. Pa. Apr. 23, 2013) (same).

In contrast, the FAC does not allege information permitting the Court to find that Driscoll meets the first two prongs. Unlike Berk, Driscoll did not provide any written confirmation that verifies his disability or that explains how Driscoll is disabled. The FAC alleges generally that

---

[4] A "qualified individual with a disability" under Title II of the ADA is defined as: "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

Driscoll is disabled but does not elaborate or provide any specificity as to the nature or time-period of Driscoll's alleged disability. Thus, the Court cannot reasonably conclude that Driscoll is a qualified individual to pursue as Title II ADA claim. *See Jackson Hewitt, Inc. v. Nat'l Tax Network, LLC,* No. 10-05108, 2011 WL 601594, at *6 (D.N.J. Feb. 17, 2011) (finding plaintiff had not properly pleaded they are a qualified individual with a disability without proof of their "unnamed disability").[5]

Because only Berk demonstrated that she is a qualified individual with a disability, the Court will analyze if Berk adequately pled that her benefits were denied by "by reason of [her] disability." *Haberle*, 885 F.3d at 178. To prove causation, the plaintiff must demonstrate their disability "played a role in the . . . decisionmaking process and . . . had a determinative effect on the outcome of that process." *Id.* at 179 (citation and quotation omitted). Berk's claim fails because it again does not adequately allege that the termination of Berk's SNAP benefits was due to her disability. (*See* ECF No. 6 at 5 (the Court previously instructed Plaintiffs that the complaint alleged "two separate and distinct facts — that Driscoll missed the hearing — and Plaintiffs' benefits were cancelled by Defendants" and "fail[ed] to demonstrate any connection between the two.").) The FAC states: "An agent of Defendant called Berk and became frustrated by her responses which are due to her disability. The Defendant subsequently canceled both the plaintiff's SNAP benefits even though Berk had nothing to do with Driscoll's claim." (FAC at *2.) However, while Plaintiffs represent that the agent was frustrated by Berk's responses that were "due to her disability," the FAC does not support the inference that the disability itself played a role in the decision to cancel

---

[5] The Court notes that in its initial screening and dismissal of the Complaint, the Court dismissed in part because there were no facts provided as to Berk or Driscoll's disability. (ECF No. 6. at 5 ("Moreover, Plaintiff claims that she and Driscoll are both disabled. However, Plaintiff provides no details regarding their alleged disabilities." (citation omitted)).) Plaintiffs again failed to address this issue in drafting the FAC, insofar as it pertains to Driscoll.

Berk's SNAP benefits.[6] *See CG v. Pennsylvania Dep't of Educ.*, 734 F.3d 229, 236 (3d Cir. 2013) ("Plaintiffs must prove that they were treated differently based on the protected characteristic, namely the existence of their disability."); *see also Riboldi v. Warren Cnty. Dep't of Hum. Servs. Div. of Temp. Assistance & Soc. Servs.*, No. 16-572, 2018 WL 1951204, at *3 (D.N.J. Apr. 25, 2018), *aff'd*, 781 F. App'x 44 (3d Cir. 2019) ("Plaintiff claims he was denied benefits or services as a result of his disabilities, but he does not . . . provide support for how these services were denied as a result of his disabilities.").[7] There are no allegations that Defendant was aware of Plaintiffs' disabilities, much less that Plaintiffs' disabilities played a role in and had a determinative effect on the decision to cancel their respective benefits. Without more, there is no plausible allegation that Berk's disability was a cause of her benefits being cancelled. Thus, Berk's claim under Title II of the ADA also fails to meet the requirements.

Because both Plaintiffs' claims do not meet the requirements for alleging a Title II claim under the ADA, Plaintiffs cannot pass the first prong of the *Georgia* test, and the Court finds that Congress has not abrogated New Jersey's Eleventh Amendment sovereign immunity for Plaintiffs' purported ADA Title II claim.

### B. FAILURE TO STATE A CLAIM

Defendant also moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 15-1 at 5.) Defendant argues that, while the SNAP benefits are central to their claims, Plaintiffs did not provide key details as to the benefits' termination, such as the reason given for the terminations and when they occurred. (*Id.* at 14.) Defendant further contends that the FAC does not provide information about Driscoll's application for a fair hearing, such as what the hearing

---

[7] Neither the original Complaint nor the FAC explain why DHS contacted Berk regarding Driscoll's hearing rather than contacting Driscoll himself.

12

related to or its formal outcome. (*Id.*) Plaintiffs respond that Defendant's argument can be overcome by a liberal reading of the Complaint. (ECF No. 18 at *9.) They argue further that any defects in the FAC can be corrected by further amendment, (*id.*), although to date no additional complaint has been filed and no leave under Federal Rule of Civil Procedure 15(a)(2) was sought.

The Court finds that Plaintiffs have failed to state a claim under Rule 12(b)(6). Plaintiffs allege no facts that could support any theory of liability put forward in the FAC because the FAC's allegations again do not connect Defendant's conduct to any of the alleged harm. The Court reads the FAC to allege that the Plaintiffs' SNAP benefits were terminated after Driscoll missed a hearing date. Crucially, because there are no details surrounding the reasons given for the termination of either Plaintiff's benefits, there is no basis to infer that the terminations were due to Plaintiff's disabilities rather than for some legitimate reason. As noted above, in the Court's first dismissal, the Court drew Plaintiffs' attention to this defect, noting that it could not find any connection between the "two separate and distinct facts" that Driscoll missed the hearing and that Plaintiffs' benefits were cancelled. (ECF No. 6 at 5.)

Plaintiffs' allegations surrounding the circumstances of the hearing make it difficult to discern how Defendant's alleged conduct connects to any wrongdoing. Plaintiffs allege that an "agent" of the Defendant visited them and stated that their benefits would be increased "when he did a full inspection." (FAC at *2.) After "this did not happen," Driscoll applied for a hearing, which he then missed. (*Id.*) Plaintiffs do not identify who this agent was nor specify the date upon which his alleged visit occurred. It is therefore difficult for the Court to tie any alleged actions by Defendant to the cancellation of either Plaintiff's benefits. Similarly, although Plaintiffs posit that Berk's benefits were cancelled because an agent of Defendant was frustrated by a phone call with Berk, aside from describing them as a DHS "agent," Plaintiffs fail to provide the name, or title of

13

the alleged agent, or indeed, the purpose of the call. There are no pertinent factual allegations, such as what was discussed in the phone call, when it occurred, or again, the reason given for the termination of Berk's benefits. Thus, there is nothing to aid the Court in viewing the phone call and the termination of Berk's benefits as anything but separate and distinct occurrences.

Plaintiffs also assert claims of retaliation, intentional infliction of emotional distress, and due process violations, but fail to provide factual details to plausibly substantiate the elements of these claims. Comparing the FAC's allegations against the elements of these claims, the Court finds that Plaintiffs have failed to make out any of these causes of action. *See Greenman v. City of Hackensack,* 486 F. Supp. 3d 811, 823 (D.N.J. 2020) (listing elements of a First Amendment retaliation claim); *Lockhart v. Willingboro High Sch.,* 170 F. Supp. 3d 722, 738 (D.N.J. 2015) (listing elements of intentional emotional distress under New Jersey state law); *Chey v. LaBruno,* 608 F. Supp. 3d 161, 180 (D.N.J. 2022) (listing elements of a substantive due process claim). Because Plaintiffs do not provide factual details to connect the circumstances of the terminations either to their disabilities, or to any of their other asserted claims, their claims cannot survive dismissal. *See Riboldi*, 2018 WL 1951204, at *5 (dismissing claims against DHS because allegations, such as being excluded from benefits because plaintiff asked for disability accommodations, were conclusory).

For the foregoing reasons, the Court finds that the FAC fails to allege sufficient details regarding Defendant's misconduct or anything tying that conduct to Plaintiffs' harm, such as could put Defendant on notice regarding the nature of the misconduct they must defendant against. Plaintiffs' claims against Defendant are therefore subject to dismissal pursuant to Rule 12(b)(6).[8]

---

[8] The Court only briefly addresses Defendants' remaining arguments regarding Plaintiffs' request for injunctive and declaratory relief and the doctrine of primary jurisdiction. (ECF No. 15-1 at 16–23.) First, injunctive and declaratory relief is a remedy, not an independent cause of action. *See New Jersey Coal. of Auto. Retailers, Inc. v. Mazda Motor of Am., Inc.*, No. 18-14563, 2021 WL 2660309, at *3 (D.N.J. June 29,

C.     **RULE 8 VIOLATION**

Defendant also argues that the FAC fails to comply with Rule 8, because it does not contain a short and plain statement showing Plaintiffs are entitled to relief and thus does not provide sufficient notice of Plaintiffs' claims. (ECF No. 15-1 at 14.) The Court agrees. Although Plaintiffs' original Complaint was previously dismissed pursuant to Rule 8 for failing, in a multitude of ways, to allege facts sufficient to provide proper notice to Defendant as to the claims against it, (ECF No. 6 at 3–5), the FAC does little to remedy these persistent deficiencies.

In the Court's Memorandum Opinion dismissing the original Complaint, the Court identified various bases that Plaintiffs' Complaint was insufficient, which Plaintiffs nonetheless have failed to rectify. As discussed *supra* in Part III.B, Plaintiffs do not provide any facts plausibly connecting the termination of their benefits to any improper action by Defendant. Plaintiffs reiterate that Defendant canceled Driscoll's SNAP benefits because he missed a hearing. (FAC at *2.) However, in the Memorandum Opinion, the Court explicitly found that this allegation alone insufficient to demonstrate a connection between these two separate and distinct events. (ECF No. 6 at 5.) Additionally, the Court's Memorandum Opinion highlighted that Plaintiffs needed to provide details regarding their disabilities. (*Id.*) As discussed *supra* in Part III.A, although Plaintiffs provided information as to *Berk's* disability, the FAC still fails to provide any details

---

2021) (collecting cases for this proposition). Because Plaintiffs have not pleaded a viable underlying claim, they are not entitled to injunctive or declaratory relief regarding Defendant's conduct. *See Walker v. Beard*, 244 F. App'x 439, 441 (3d Cir. 2007).

While the Court does not reach and apply the doctrine of primary jurisdiction, the Court agrees with Defendant that the "gravamen of Plaintiffs' claims is truly an administrative matter, not a civil rights or discrimination case." (ECF No. 15-1 at 23.) Nor do Plaintiffs, in their Opposition, rebut Defendant's contention that the administrative scheme regarding SNAP benefits is better suited to address their claims or contest that they have not pursued administrative remedies. *Cf. Severino v. New Jersey Dep't of Hum. Servs.*, No. 23-22595, 2024 WL 3159412, at *4 (D.N.J. June 25, 2024) (permitting lawsuit regarding denial of assistance where plaintiffs' claims "focused on harassment, discrimination, and deprivation of rights" and not the discretionary decision-making of defendant New Jersey Department of Human Services).

regarding *Driscoll's* alleged disability beyond conclusory statements that Plaintiffs "understand" each other's disabilities. (FAC at *1.) As such, it is difficult to understand how, if at all, the ADA claims pertain to him.

Furthermore, although the FAC more clearly identifies Driscoll as a party to this lawsuit, Driscoll still has not submitted an IFP application, which the Court previously instructed Driscoll he must provide presuming he and Berk are not spouses. (ECF No. 6 at 5 n.1.) Accordingly, it is difficult to discern whether Driscoll is proceeding as a plaintiff in this case, even though the bulk of the allegations appear to pertain to him allegedly missing a benefits hearing. Likewise, the Court also pointed out that while Berk sought return of SNAP benefits, she did not provide the amount received. (ECF No. 6 at 5.) In the FAC, Plaintiffs allege that *Driscoll* received less than $200 in SNAP benefits before they were further reduced, but the FAC still does not state how much *Berk* received in SNAP benefits. Taken together, although the Court provided Plaintiffs with the opportunity to cure the deficiencies in the original Complaint, Plaintiffs' allegations in the FAC remain nearly identical and the deficiencies unaddressed. Thus, dismissal pursuant to Rule 8 is again warranted. *See White v. Pagotto,* No. 22-3257, 2023 WL 4929306, at *2 n. 3 (3d Cir. Aug. 2, 2023) (affirming dismissal with prejudice under Rule 8 after *pro se* plaintiff was given opportunity to file amended complaint to comply with Rule 8 but the amended complaint remained conclusory and vague).

The Court is mindful of Plaintiffs' *pro se* status. However, the FAC remains difficult to discern, even under a liberal interpretation. Plaintiffs attempt to assert claims under the ADA with unspecified references to the First and Fourteenth Amendments and in tort for intentional infliction of emotional distress which, for reasons discussed *supra*, fail to make out cognizable claims. Furthermore, Plaintiffs meld together claims, such as retaliation and intentional infliction of

emotional distress without identifying distinct aspects of those claims or separating the causes of action. (*See, e.g.*, FAC at *3 ("It is also retaliation . . . that causes any human intentional infliction of emotional distress.").)

Plaintiffs also attempt to assert a claim under Title II of the ADA while simultaneously contending it is "void for vagueness." (*Compare id.* at *5 *with id.* at *3.) Indeed, much of the FAC is intermingled with disjointed general grievances, such as the issue of homelessness, (FAC at *4), with which the Court empathizes but which make it difficult for the Court distinguish between Plaintiffs' legal claims and non-legal claims. *See Binsack v. Lackawanna Cnty.* Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (agreeing with magistrate judge's determination that complaint violated Rule 8 where it left defendant "having to guess what of the many things discussed constituted [a cause of action]"); *Peterson v. City of Long Branch, N.J.,* No. 08-3452, 2009 WL 749589, at *9 (D.N.J. Mar. 19, 2009) ("Plaintiff seems to have thrown the kitchen sink into his [complaint], which is replete with errors and leaves the Court to conjecture what Plaintiff is actually alleging.")

For the above reasons, the Court finds that the FAC does not put Defendant on fair notice of the claims against them and therefore fails to comply with Rule 8.

### D.  DISMISSAL WITH PREJUDICE

Finally, the Court turns to whether this case should be dismissed with or without prejudice. The court need not dismiss without prejudice and with leave to amend if amendment would be "inequitable or futile." *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002) (citations omitted); *Mesadieu v. City of Linden*, No. 18-14561, 2019 WL 2514715, at *5 (D.N.J. June 18, 2019), *aff'd*, 791 F. App'x 294 (3d Cir. 2020) (dismissing *pro se* plaintiff's complaint with prejudice and finding any "further amendment would be futile" where the Court previously "set forth the deficiencies with Plaintiff's claims and Plaintiff failed to cure any of those

deficiencies in the FAC."); *see also El v. New Jersey,* No. 15-8136, 2022 WL 2314866, at *4 (D.N.J. June 28, 2022) (dismissing *pro se* plaintiff's claims with prejudice because "[u]pon review of the FAC, the Court cannot find any basis for Plaintiff's legally insufficient claims to proceed" and thus further amendment would be futile); *see also Karupaiyan v. Atl. Realty Dev. Corp.,* 827 F. App'x 165, 168 (3d Cir. 2020) (affirming district court's dismissal of *pro se* FAC with prejudice where district court had advised plaintiff of substantive issues in first complaint, which were not remedied in the FAC, and "the FAC did not state any plausible federal claim for relief that amendment could cure").

In the present case, Plaintiffs have been given the opportunity to file an amended complaint with multiple deadline extensions. As explained above, the previous dismissal specifically enumerated deficiencies in the original pleading, which Plaintiffs wholly failed to rectify. *See Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*, No. 16-6510, 2019 WL 2281632, at *4 (D.N.J. May 29, 2019) (dismissing with prejudice because plaintiff had repeatedly failed to correct the same deficiency in his pleading); *see also Moriarty v. DiBuonaventura*, No. 14-2492, 2015 WL 1469515, at *4 (D.N.J. Mar. 30, 2015) ("Plaintiff's Amended Complaint fails to plead plausible claims for relief and fails to cure the deficiencies of the original Complaint. The Court previously identified these deficiencies and gave Plaintiff an opportunity to cure them. Because Plaintiff has, again, failed to plead plausible claims for relief in non-conclusory terms, Plaintiff's claims against [the defendant] will be dismissed with prejudice.") The two Complaints, which remain largely identical, fail to persuade the Court that there are any potential factual allegations upon which this case should proceed further. *See Jones v. Harrington Delaware Police Dep't*, 731 F. App'x 162, 164 (3d Cir. 2018) (affirming district court's determination that

amendment of *pro se* plaintiff's complaint was futile because there were no factual allegations to infer an actionable claim for relief).

Allowing Plaintiffs to file another amended complaint would also needlessly subject Defendant to protracted litigation and financial expense. *See Catanese Bros. Inc. v. W. Deer Twp.*, No. 07-663, 2008 WL 2020121, at *4 (W.D. Pa. May 8, 2008) (dismissing complaint where "amendment would be futile and that it would be inequitable to require Defendant to incur further expense"). As such, the Court finds that dismissal without prejudice would be inequitable and amendment futile. Accordingly, the Court dismisses the FAC with prejudice.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Complaint is **DISMISSED** with prejudice. An appropriate Order accompanies this Memorandum Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: August 2, 2024